# MARION ARMSTRONG *et al.*

*v.*

# MATILDA WILSON *et al.*

1. CURTESY—*tenancy by.* Under our law, and since the passage of the "married woman's act" in 1861, tenancy by the curtesy, does exist, as has been recognized by numerous decisions.

2. Where a person has curtesy in an eighty acre tract adjoining his own land, and in a timber tract adjoining neither, it is waste to use timber growing on that tract to improve the tract of which he is the owner. The tenant by the curtesy, has the right to reasonable estovers, which is confined strictly to timber and wood for the use of the estate, and it must be actually applied, used and consumed on the estate, or with its proper use and enjoyment.

3. DECREE. Where the tenant commits waste, and a bill is filed by the remainder-men to enjoin future waste, and for an account for waste already committed, on a proper showing the relief should be granted in full.

APPEAL from the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

Messrs. CLARK, KETTELLE & BAKER, for the appellants.

Messrs. JOHNSON & HOPKINS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed by Marion Armstrong, one of the five children and heirs at law of Malinda Armstrong, deceased, against four of the defendants, the other children and heirs at law of the said Malinda, for partition of two certain tracts of land of which the said Malinda died seized, and also against the defendant Garrett Armstrong, the husband of said Malinda, and the father of said children, to enjoin him from the commission of waste on said lands, and to require him to account for waste already committed, and for the rents and profits of the premises of which he had been in the use and occupation since the death of the said Malinda.

Garrett Armstrong filed his answer, setting up a tenancy by the curtesy in the lands as the husband of the said Malinda.

The decree found Garrett Armstrong to be a tenant by the curtesy, and as such, entitled to the enjoyment of the rents and profits during his natural life, and enjoined him from committing any waste.

Marion Armstrong, the complainant in the bill, brings the record here by appeal, and assigns for error in it the finding Garrett Armstrong to be a tenant by the curtesy, and as such, not liable to account for rents and profits, and not requiring him to account for waste which he had already committed.

The only question raised in respect to the first ground of error assigned is, that under our law, and especially since the passage of the law of 1861, known as the married woman's act, there is no such estate as that of tenancy by the curtesy.

But there are repeated decisions of this court since the act of 1861, affirming or recognizing the existence of the estate of a tenancy by curtesy, the correctness of which we see no sufficient reason to question, and reference to them is made as a

228    ARMSTRONG *et al.* v. WILSON *et al.*    [Sept. T.,

Opinion of the Court.

sufficient answer to the objection in this respect to the decree. *Cole* v. *Van Riper*, 44 Ill. 58 ; *Clark* v. *Thompson*, 47 ib. 26 ; *Beach* v. *Miller*, 51 ib. 206.

The proofs show that Garrett Armstrong had committed waste upon the timbered tract of land by cutting off and selling from it wood and timber, and applying and using the same elsewhere than upon the estate.

The lands consist of two tracts, one of eighty acres, all under cultivation, and a timbered tract of forty-six acres, as alleged in the bill, or thirty-seven acres, as averred in the answer. There was no house on the premises, but upon an adjoining one hundred and twenty acres, owned by Garrett Armstrong himself, there was a house in which he now lives and which was occupied by him and his wife at and before the time of her death.

However it might be in regard to wood used as fuel for this house, the taking of timber from the timbered tract and applying it to the making of improvements on the one hundred and twenty acres, must be regarded as waste.

The right of the tenant by the curtesy was that of reasonable estovers, which is confined strictly to wood and timber sufficient for the supply of the estate, and it must be actually applied, used and consumed upon the estate, or for purposes connected with its proper use, occupancy and enjoyment. *White* v. *Cutler*, 17 Pick. 248 ; *Cook* v. *Cook*, 11 Gray, 123.

This being, as against Garrett Armstrong, a bill for an injunction to prevent future waste, and an account of the waste done being prayed—waste having been already committed, and the defendant enjoined from its future commission—the court, to prevent a double suit, should have decreed an account and satisfaction for the waste that had been done. 1 Story Eq. Ju. sec. 518, 69 (note).

For error in this respect, the decree as to Garrett Armstrong is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed in part.*