THOMAS KELLY *et al.*

*v.*

FANNIE D. GALBRAITH, EXRX.

*Opinion filed October 19, 1900.*

1. LEASES—*what amounts to construction of lease by lessee.* A lessee who takes possession of a certain store room and pays rent therefor for nearly three years before making any objection, thereby gives a construction to the lease which removes the uncertainty of description in the lease, which, by mistake of the scrivener, gave a wrong street number to the premises.

2. EQUITY—*equity has jurisdiction to reform lease for a mutual mistake of fact.* Equity may reform a mistake in a lease in stating the street number of the leased premises, where such mistake was common to both lessor and lessee and is established by clear and convincing proof.

3. SAME—*when objection of adequate remedy at law comes too late.* If the complainant's bill shows any ground for equitable relief, and the defendant by his answer submits to the jurisdiction of the court, he cannot afterwards complain that the complainant had an adequate remedy at law.

4. SAME—*when equity may proceed to decree payment of rent due under lease.* A court of equity which has acquired jurisdiction to reform a mutual mistake of fact in a lease may go on to a complete adjudication by finding the amount due by the terms of the lease and decreeing payment thereof in accordance with prayer of the bill.

5. APPEALS AND ERRORS—*when action of court in proceeding without supplemental bill is not ground for reversal.* The action of the court in decreeing payment of rent found due under a lease from the time of the filing of the bill up to the date of the decree, without the filing of a supplemental bill for that purpose, is not prejudicial to the defendant, if, under an amended order for re-reference, he was given an opportunity to present any defense he might have to the payment of rent for such period.

6. INTEREST—*decree may allow interest on over-due rent.* A decree finding the rent due under the terms of a lease and ordering payment thereof may allow legal interest on over-due installments.

*Kelly v. Galbraith,* 87 Ill. App. 63, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This is a bill, filed March 5, 1895, by William A. Galbraith, since deceased, against the appellants, Thomas Kelly, John Kelly and James Kelly, composing the firm of Thomas Kelly & Bros., for the reformation of the lease hereinafter mentioned, and for the correction of a mistake in the description of the premises thereby demised, as hereinafter stated. The appellants, who were the defendants below, filed an answer to the bill, and replication was filed to the answer. Orders of reference were made to one of the masters in chancery of the court below, who reported conclusions of fact, sustaining the allegations of the bill, accompanying the report with the proofs taken by him. Hearing was had, and a decree was entered, ordering the reformation of the lease as prayed, and ordering appellants to pay to appellee a certain sum of money for rent due by the terms of the lease, together with interest.

An appeal was taken from the decree of the circuit court, confirming the master's report and overruling the exceptions thereto, to the Appellate Court, which has rendered a judgment affirming the decree of the circuit court. The present appeal is prosecuted from such judgment of affirmance.

The bill alleges that the complainant therein, William A. Galbraith, of Erie, Pennsylvania, being the owner of the building situate at the north-east corner of Franklin and Madison streets, in Chicago, fronting eighty feet on Madison street and one hundred and seventy feet on Franklin street, remodeled the same by erecting thereon a six-story and basement building; that, during the remodeling of the premises, and on February 6, 1892, he executed a lease of a store and basement in said building, known as 123 Franklin street, for a term of five years from May 1, 1892, to April 30, 1897; that, through a mistake of the scrivener, the premises were described as "129 Franklin street," and "he" was written for "they" in the second word of the fourth covenant of the lease; that

the rent, reserved for said store and basement in said lease, was the sum of $10,500.00 for said term, payable in equal installments of $175.00 each in advance upon the first day of each and every month of said term; that all the terms and provisions of said lease were fully agreed to by the parties, and a written lease, containing the same, and bearing date February 6, 1892, was prepared in duplicate, except that said store and basement were, by the inadvertence or mistake of the clerk or scrivener who prepared the lease, erroneously described therein as store and basement known as "129 Franklin street;" that said entire building, when reconstructed, had one main entrance thereto on Franklin street, and the store and basement so leased fronted on Franklin street, and "were and are the first store and basement north of said main entrance, and ever since the making and completing of the same by means of said reconstruction have been and still are known as No. 123 Franklin street;" that the lease was executed in duplicate by Thomas Kelly & Bros. and by Galbraith, and a duplicate retained by each of the parties; that, at the beginning of said term, said firm, whose members are the appellants herein, entered into the sole and exclusive possession and occupation of said store and basement, and continued to occupy the same until the filing of the bill herein; that said firm paid to complainant in the bill the rent for said store and basement at the rate agreed upon, $175.00 per month, from May 1, 1892, up to and including December 31, 1894; that, although the rent for January, February and March, 1895, had become due and payable, the lessee firm had not paid it, or any part thereof, but refused and still refuse so to do, and offered to lessor pretended excuses for their refusal, and demanded of such lessor, as a condition of further payment of rent, that the rate of rental should be reduced to $125.00 per month; that there was not then, and has not since been, such a store number as 129 on Franklin street, and that there are no premises

known as "129 Franklin street" in Chicago; that, from
the execution of the said lease, complainant believed the
same to be correct, and never discovered the mistake in
said description, nor the other mistake, until about Feb-
ruary 14, 1895, when they were by chance jointly dis-
covered by one of the complainant's agents, and also by
complainant's solicitor; that, after the discovery thereof,
complainant requested said lessees to join with him in
the correction of said lease, and of said mistakes therein,
but that said lessees wholly refused to join for that pur-
pose, or to correct said lease; that appellants refused to
pay the rent reserved as aforesaid.

The relief prayed by the bill is the correction of the
mistake and the reformation of the lease, so that the de-
scription of the property demised therein would read "the
store and basement known as 123 Franklin street, Chi-
cago, Illinois," and by changing the word "he" to "they"
in one of the covenants. There was also a prayer, that
the appellants "be decreed to pay to your orator all the
aforesaid rents, which shall have accrued to your orator
and remain unpaid at the time of entering such decree,
and that your orator have execution therefor." The bill
also prayed "that your orator may have such other and
further relief as shall be agreeable to equity and to your
honors shall seem meet."

In their answer, filed May 25, 1895, the appellants ad-
mitted the ownership of the complainant, the reconstruc-
tion of the building, and the execution of the lease on
February 6, 1892, for a portion of said premises, consist-
ing of a certain store and basement therein, with steam
heat and the use of the elevators and closets jointly with
the other tenants of the building. But, in their answer,
appellants deny that the portion of said premises leased
to them were ever known as "123 Franklin street," but
aver that the portion so leased to them was the store
and basement planned to be immediately opposite No. 128
on the west side of Franklin street, and that the store

and basement, corresponding with said number on the west side, would be "129 Franklin street." In their answer appellants deny that the store and basement leased to them was "the first store and basement north of the main entrance on Franklin street," and aver that the store and basement so leased to them were the store and basement corresponding to 129 Franklin street. The answer admits that the rent reserved and terms of payment are as stated in the bill; and the answer further denies, that the words, to-wit: "said store and basement being the first north of the Franklin street entrance" were in said lease when the same was signed; that the appellants never assented to the insertion in said lease of any such provision; the answer also denies that "No. 129 Franklin street" was inserted by the inadvertence or mistake of the clerk or scrivener who prepared the lease, but that the same was inserted knowingly, understandingly and correctly. The answer admits, that a correct copy of the lease, as it was executed by appellants, is attached to the bill, except as to the words "said store and basement being the first north of the Franklin street entrance;" it avers that, after February 6, 1892, and prior to May 1, 1892, the plan of reconstruction was without the consent of the appellants changed, and that complainant did not construct a store and basement at No. 129 Franklin street, but constructed a store and basement opposite No. 122 Franklin street at No. 123 Franklin street, and that defendants were compelled to and did enter into the exclusive possession and occupation of the store and basement No. 123 Franklin street, and have ever since continued to occupy the premises and have paid the rent required by the lease to be paid for No. 129; that they were compelled to occupy said premises and pay the rent by reason of the wrongful conduct of the complainant in neglecting to construct a store and basement at No. 129 Franklin street opposite No. 128 Franklin street. The answer admits that appellants had refused to pay the rent for

January, February and March, 1895, but denies that they ever so refused upon any trivial or pretended excuse. The answer admits that, when said lease was executed, there was not in fact any such store as No. 129 Franklin street. The answer avers that, down to February 14, 1892, the appellants were unaware that the words "said store and basement being the first north of the Franklin street entrance" were in such lease; that their attention had never been called to said interpolation; that, down to said last named date, they relied upon the lease as containing the covenants and agreements between them and complainant, and for the first time on said day discovered the said interpolation.

On June 12, 1895, an order of reference was taken to a master in chancery to take proof and report the same with his opinion on the law and the evidence. The master made a report dated June 24, 1896, which was filed July 20, 1896, finding the allegations of the bill to be true, and also finding that there was due to the complainant therein as rent of said premises from January 1, 1895, to July 1, 1896, $3325.00, and recommending that the prayer of the bill be granted. Objections were filed to this report of the master, and overruled by the master, and stood as exceptions.

On November 13, 1897, an order was entered, re-referring the cause to the master to take proofs in regard to the payment of rent since December, 1894, and report the same together with his findings. On November 16, 1897, the order of re-reference to the master was amended, so as to require the master "to take evidence and ascertain and report to the court the amount of rent due the complainant under the lease in question in said cause up to the date of making his report under this order." At the same time, the order of re-reference was further amended in the following respect, to-wit: "It is ordered that, at the hearing before said master, the defendants shall be allowed and permitted to make any and all defenses

legal or equitable which they may have as to the rent due and unpaid under the terms of said lease, except so far as such defenses are inconsistent with the findings of said master in his report heretofore made to this court upon any other matter than the amount of rent due under said lease."

On January 31, 1898, the death of the complainant, William A. Galbraith, was suggested by his solicitor, and, on the same day, upon motion of the solicitors of the executrix and executors, an order was entered substituting Fannie D. Galbraith, executrix, and John W. Galbraith and Davenport Galbraith, executors of the will of William A. Galbraith, deceased, in place of said deceased complainant.

On June 24, 1898, there was filed in the cause a supplemental report of the master, made under the re-reference so taken as aforesaid, finding that the appellants had paid the rent up to January 1, 1895; that, under the terms of the lease, there was due to the complainant as rent to May 1, 1897, $4900.00; that defendants vacated the premises about May 1, 1895, without sufficient cause; and that the premises remained unoccupied until the end of the term or expiration of the lease. Objections were filed by the appellants to the supplemental report, and were overruled by the master, and stood as exceptions.

On October 10, 1898, a decree was entered by the court, overruling the exceptions to the master's first report and confirming the same, and finding that, on application of the appellants for a further hearing, and the cause having again come on to be heard on October 28, 1897, on exceptions to the master's report, and upon the pleadings filed and the proofs taken, said exceptions were overruled and the master's report was confirmed. The decree overruled all the exceptions to both reports, and approved the report of June 7, 1898, filed on June 24, 1898, in all respects.

The decree entered found that, on February 6, 1892, the complainant in the bill was remodeling the building therein described, and that a written lease was made, as alleged in the bill; that said lease described the premises as follows: "The store and basement known as No. 129 Franklin street, Chicago, Illinois, with steam heat and use of elevators and closets with the other tenants in the building; said store and basement being the first north of the Franklin street entrance." The decree further finds that, after February 6, 1892, appellants moved into the store and basement being the first store north of the main entrance on Franklin street, and occupied the same, and paid the rent therefor up to December, 1894, inclusive; that up to January 1, 1895, no question had arisen as to the premises occupied by the appellants being the same premises described in the lease; that, prior to and at the time of the execution of the lease, there was not any such street number as 129 Franklin street, nor any such number attached to any portion of the Galbraith building; that, since that time, the premises occupied by defendants have been No. 123 Franklin street; that defendants had refused to pay rent since January 1, 1895; that complainant requested defendants on or about February 14, 1895, to correct the lease by inserting 123 in place of 129, which defendants refused to do; that the leases were executed as they at present read; that the number, 129 Franklin street, described no premises whatever, and was inserted by mistake; that the parties by their actions construed the description in the leases, and adopted the premises known as 123 Franklin street, as being the premises, described in the lease, and the receipt for rent, as 129 Franklin street; that the premises described in the leases as the first north of the entrance on Franklin street were the premises actually taken and occupied by defendants under the lease; that the defendants are bound by the terms and conditions expressed in the lease; that defendants vacated the premises on

or about May 1, 1895, without sufficient reason, and they thereafter remained unoccupied until the end of the term; that complainant is entitled to have the description in the lease corrected as prayed; that there is due from the defendants to complainant as rent from January 1, 1895, to and including April 30, 1897, the sum of $4900.00 with interest on each monthly installment from the time the same became due to date of the decree at five per cent per annum.    The decree thereupon decreed, that the description should be corrected by striking out 129 and inserting in its place 123, and by adding to the description the words "of the building situate at the north-east corner of Madison and Franklin streets in said city of Chicago," so that the description may read: "The premises in the city of Chicago, Illinois, known and described as follows: store and basement known as No. 123 Franklin street, Chicago, Illinois, with steam heat and the use of elevators and closets with the other tenants of the building, said store and basement being the first north of the Franklin street entrance of the building situate at the north-east corner of Madison and Franklin streets in said city of Chicago;" that the fourth covenant of the lease be corrected by changing the second word thereof from "he" to "they," so as to read "that they will not allow said premises to be used."    It was further therein decreed, that defendants should pay to complainant within five days $5549.44, being the rent from January 1, 1895, to and including April 30, 1897, with interest on the installments of rent from the days they respectively became due at five per cent per annum, and interest on the $5549.44 at five per cent from the date of the decree until the same is paid, and that, in default of payment, complainant have execution, etc.

MOSES, ROSENTHAL & KENNEDY, for appellants:

While courts of equity have power to reform an instrument for a mistake of fact, the mistake must be mu-

tual or common to both parties, and must be proven by clear, convincing and satisfactory evidence, and not by a mere preponderance. *Douglas* v. *Grant,* 12 Ill. App. 273; *Sutherland* v. *Sutherland,* 69 Ill. 482; *Palmer* v. *Converse,* 60 id. 314; *Hamlon* v. *Sullivant,* 11 Ill. App. 424; *Shay* v. *Pettes,* 35 Ill. 360; *Hunter* v. *Bilyeu,* 30 id. 228; *Adams* v. *Robertson,* 37 id. 45; *Miner* v. *Hess,* 47 id. 170; *Goltra* v. *Sanasack,* 53 id. 456; *Moore* v. *Munn,* 69 id. 591; *Sapp* v. *Phelps,* 92 id. 588; *Ewing* v. *Coal Co.* 110 id. 290; *McCornack* v. *Sage,* 87 id. 484; *Schwass* v. *Hershey,* 125 id. 653; *Railway Co.* v. *Hoffert,* 40 Ill. App. 631; *Carson* v. *Davis,* 171 Ill. 497.

A mistake of one party, only, is ground for a rescission, but not for a correction or reformation of the contract. *Douglas* v. *Grant,* 12 Ill. App. 273; *Page* v. *Higgins,* 150 Mass. 27; *Oswald* v. *Sproehnle,* 16 Ill. App. 368; *Sibert* v. *McAvoy,* 15 Ill. 109; *Insurance Co.* v. *Sweet,* 46 Ill. App. 598.

Mistake, to be a ground for equitable relief, must be of a material nature and the determining ground of the transaction. *Essex* v. *Day,* 52 Conn. 483; Cooper's Eq. Pl. 165, 166; *Dunnom* v. *Thomsen,* 58 Ill. App. 309; *Tascher* v. *Timerman,* 67 id. 568; Story's Eq. Pl. sec. 500; *Cummings* v. *Barrett,* 10 Cush. 190.

If the mistake connected with the transaction is merely incidental and not essential to any of its terms, or if the complaining party fails to show that his conduct was in reality determined by it, in either case the mistake will not be ground for any relief, affirmative or defensive. Story's Eq. Jur. sec. 151.

The alleged mistake required no reformation by a court of equity for the enforcement of any of the covenants thereof which it was alleged were broken by appellants. The remedy at law was complete and adequate. Parol evidence was admissible to identify the premises, which were not described in the lease with certainty, or to charge the lessees for rent, by proof of occupancy of premises thereunder other than those described. *Myers* v. *Ladd,* 26 Ill. 415; *Bulkley* v. *Devine,* 127 id. 406; *Colcord* v.

*Alexander,* 67 id. 581; *Marske* v. *Willard,* 169 id. 276; *Clark* v. *Powers,* 45 id. 284; *Cornwell* v. *Cornwell,* 91 id. 414; *Siegel* v. *Colby,* 176 id. 210; *Dougherty* v. *Purdy,* 18 id. 206; *Cossit* v. *Hobbs,* 56 id. 231; 2 Parsons on Contracts, 550; *Lyman* v. *Gedney,* 114 Ill. 410; *Paugh* v. *Paugh,* 40 Ill. App. 143; *McLennan* v. *Johnston,* 60 Ill. 306.

Matters arising subsequently to the filing of a bill in equity must be introduced by a supplemental bill. *Burke* v. *Smith,* 15 Ill. 158; *Jenkins* v. *Bank,* 111 id. 470.

The decree is erroneous in including rent accruing subsequently to the filing of the bill, without a supplemental bill containing appropriate allegations in regard thereto. *Waterman* v. *Buck,* 58 Vt. 515; *Blaisdell* v. *Stevens,* 16 id. 179; *Porter* v. *Bank,* 19 id. 410; *Downer* v. *Wilson,* 33 id. 1; *Saunders* v. *Frost,* 5 Pick. 275; *Bardwell* v. *Ames,* 39 Mass. 375.

GEORGE A. GARY, (F. J. PARTRIDGE, of counsel,) for appellee:

The attempted defense that complainant had an adequate remedy at law was raised too late. Such objection must be taken before or in the defendant's answer. *Stout* v. *Cook,* 41 Ill. 447; *Magee* v. *Magee,* 51 id. 500.

The complainant had no adequate remedy at law. The Statute of Frauds required the lease to be in writing. In a suit at law, parol evidence could not be admitted to supply or correct a description of the premises. *Insurance Co.* v. *Jaynes,* 87 Ill. 199; *Broadwell* v. *Broadwell,* 1 Gilm. 599.

In the case at bar the mistake was not in the agreement itself, to which the minds of both parties assented, but it occurred in the drafting and preparation of the writing intended to express that agreement. In such a case it is immaterial whether the mistake complained of is mutual or not. *Bradshaw* v. *Atkins,* 110 Ill. 323; *Ryder* v. *Powell,* 28 N.Y. 310; *Born* v. *Schrenkeisen,* 110 id. 55; *Pitcher* v. *Hennesy,* 48 id. 415; *Lindsay* v. *Davenport,* 18 Ill. 375.

Where contracting parties mutually and mistakenly adopt an incorrectly drafted written instrument as the correct expression of their mutual agreement, they mutually adopt all mistakes it contains, and by such adoption such mistakes become the mistakes of both and mutual as between them. The correction of the mistake is purely a matter of equitable jurisdiction. *Bradshaw* v. *Atkins,* 110 Ill. 323; *Lindsay* v. *Davenport,* 18 id. 375.

A court of equity will not rest with the correction of the mistake alone. Having once taken hold it will proceed to enforce the covenants of the lease and will make a complete adjudication of the controversy, even to the extent of establishing purely legal rights and granting legal remedies. *Stickney* v. *Goudy,* 132 Ill. 213; 1 Pomeroy's Eq. Jur. (2d ed.) p. 212, sec. 181, note; *Boyd* v. *Hunter,* 44 Ala. 705; *Tunesma* v. *Schuttler,* 114 Ill. 156; *Kaegbein* v. *Higgie,* 51 Ill. App. 538; *Insurance Co.* v. *Jaynes,* 87 Ill. 199.

No supplemental bill was necessary to enable the court to decree the payment of rent which became due after the filing of the bill. A supplemental bill is filed to bring before the court new matters happening after the filing of the original bill, and is designed to supply some defect therein. *Kennedy* v. *Bank,* 8 How. 586; *Boyd* v. *Hunter,* 44 Ala. 705; *Hagar* v. *Whitmore,* 82 Me. 248; *Rose* v. *Loan Co.* 63 Ill. App. 77; *Brown* v. *Miner,* 128 Ill. 148; *Peck* v. *Goodberlet,* 109 N. Y. 180; *Worrall* v. *Munn,* 38 id. 137.

The appellants, by their conduct in occupying the premises at No. 123 Franklin street and paying rent therefor for two years and eight months, construed the lease in question to be a lease of No. 123 Franklin street. *Purinton* v. *Railroad Co.* 46 Ill. 297.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

One of the questions of fact, arising upon the trial below, was whether the words, "said store and basement being the first north of the Franklin street entrance,"

were in the lease when signed by the parties thereto, or were inserted therein after the lease was signed by the appellants. The master, to whom the cause was referred by the trial court, found that these words were in the lease when the appellants signed the same. The circuit court confirmed the finding thus made by the master, and the Appellate Court has affirmed the decree of the circuit court. After a careful examination of the evidence, we are satisfied that the lower courts came to the correct conclusion upon this question of fact. It is unnecessary to enter into a discussion of the evidence. We see no reason for disturbing the decisions of the lower courts upon this branch of the case.

Another question of fact, which arose upon the trial of the case, was whether the wrong number of the store rented was inserted in the lease by mistake. By the terms of the lease the store rented was described as "No. 129 Franklin street," whereas, as matter of fact, there was no such store as No. 129 Franklin street, but the store actually occupied was "No. 123 Franklin street." The evidence shows, that the store, which was actually rented and which both parties intended to describe in the lease, was the first store north of the Franklin street entrance. The first store north of the Franklin street entrance was No. 123 Franklin street, and not No. 129 Franklin street. This was the store, which appellants entered into the possession of and which they occupied and paid rent for from May 1, 1892, up to December 31, 1894, a period of about two years and eight months. That the appellants intended to occupy this store, whose number was 123, is apparent from the fact that, before they took complete possession of the same, and during the reconstruction and remodeling of the building, they went to the store and suggested changes and alterations for their own benefit and convenience in the construction thereof. Where the premises in a deed are so described, that they can not be identified, the conveyance is void; but where the

grantee has gone into possession, and the parties have given a construction to their contract by the manner in which they have executed it, the objection of uncertainty will be removed. (*Purinton* v. *Northern Illinois Railroad Co.* 46 Ill. 297). So, in the case at bar, the appellants, by their conduct in occupying the premises at No. 123 Franklin street, and paying rent therefor for two years and eight months, have construed the lease in question to be a lease of No. 123 Franklin street.

As complainant below, the lessor named in the lease, and the appellants here, the lessees therein named, evidently contemplated the occupation of the first store and basement north of the main entrance on Franklin street, and as that store was No. 123 Franklin street, and not No. 129 Franklin street, it is evident that the description of the property as No. 129 Franklin street in the lease was a mistake. The appellants made no objection to the location of the store as being further north of the corner of Franklin and Madison streets than, as they now claim, was the original intention of the parties. They urged no complaint to their landlord, that they had been forced to occupy a store whose location was different from the one agreed upon, but, on the contrary, continued in possession without protest, until the error in the number of the store was discovered in February, 1895. As No. 123 Franklin street, being the first store and basement north of the main entrance on Franklin street, was the store which the complainant in the bill below intended to lease, and which the appellants show by their conduct that they intended to occupy, the mistake, made by the insertion of the wrong number in the lease, was a mutual mistake, that is to say, common to both parties. The mistake was none the less mutual, because the wrong number was written into the lease in the description of the premises by the scrivener, who prepared the lease.

That a court of equity has jurisdiction to reform a written instrument upon the ground of mistake is too

well settled to need discussion. In order, however, to justify the reformation of a written instrument upon the ground of mistake, three things are necessary, *first* that the mistake should be one of fact, and not of law; *second* that the mistake should be proved by clear and convincing evidence; and *third* that the mistake should be mutual and common to both parties to the instrument. (*Purvines* v. *Harrison*, 151 Ill. 219; *Warrick* v. *Smith*, 137 id. 504; *Lindsay* v. *Davenport*, 18 id. 375; *Thompson* v. *Ladd*, 169 id. 73). The three requisites, necessary to the reformation of a written instrument by reason of a mistake therein, as such requisites are above designated, exist in the present case. The mistake here was a mistake of fact, and was common to both parties to the instrument, and is established by clear and convincing proof.

It is claimed, that the trial court erred in rendering a decree against the appellants for the rent due by the terms of the lease, which remained unpaid at the time of the rendition of the decree in the cause. The lease was dated February 6, 1892, and the term, for which the premises were rented, was a term of five years beginning May 1, 1892, and ending April 30, 1897. The monthly installments of rent were payable in advance on the first day of each month. This bill was filed on March 5, 1895, and, at the time when it was filed, the rent was due for the months of January, February and March, 1895. Clearly, the court of chancery had a right to enter a decree against appellants for the amount of rent, which was due, by the terms of the lease, before and up to the time of the filing of the bill. Appellants claim that there was a remedy at law by suit upon the lease, and that the appellee should have brought her action at law for the unpaid rent, both that which accrued before the filing of the bill, and that which accrued after the filing thereof. The objection, that the complainant in the bill had an adequate remedy at law, so far as the collection of the rent due was concerned, was not set up in the answer filed by the appel-

lants. As the objection was not made in the answer, it cannot be made upon this appeal. (*Monson* v. *Bragdon*, 159 Ill. 61; *Village of Vermont* v. *Miller*, 161 id. 210). It is well settled that, if a bill of complaint shows any ground of equitable jurisdiction, and the defendant by his answer submits to the jurisdiction of the court, it is then too late for him to object that the plaintiff has an adequate remedy at law. (*Stout* v. *Cook*, 41 Ill. 447; *Magee* v. *Magee*, 51 id. 500). The defense, that an adequate remedy exists at law, can only be made by plea or answer when the bill is good on its face. Of course, this rule is subject to the qualification that the subject matter of the litigation and the character of the relief are not foreign to the power of a court of equity. (*Kaufman* v. *Wiener*, 169 Ill. 596). Here, the court of equity had jurisdiction for the purpose of reforming the mistake in the written lease. The subject matter of the bill was not, therefore, foreign to the jurisdiction of a court of chancery, and, hence, the appellants, after submitting themselves and the cause to the jurisdiction of the court, will not be allowed at the hearing to insist, that the court should not proceed further upon the ground that a court of law could furnish an adequate remedy.

The rule is well established that, when a court of equity has jurisdiction of a cause for one purpose, it will retain such jurisdiction for all purposes. When the controversy requires any purely equitable relief, such as will give a court of equity the right to act, the court will proceed to a final determination of all the matters at issue, and, in doing so, it may establish purely legal rights and grant legal remedies, which would otherwise be beyond its power. The concurrent jurisdiction of equity may thus be exercised over legal causes of action, in order to avoid a multiplicity of suits. In *Keith* v. *Henkleman*, 173 Ill. 137, it was held that the principle thus announced applied to cases where equity obtains jurisdiction for the purpose of reforming and correcting an instrument on

account of some mistake, and then proceeds to ascertain the damages recoverable upon the instrument itself. In *Keith* v. *Henkleman, supra,* a court of equity had acquired jurisdiction to reform an injunction bond, and it was there held that it was not necessary to remit the parties to their remedy at law for damages, but that a court of equity might incidentally assess such damages as were shown to have resulted from the breach. In *Mercantile Ins. Co.* v. *Jaynes,* 87 Ill. 199, it was held that, in a proceeding by bill in equity to correct a mistake in an insurance policy, it was competent for the court in the same decree to rectify the mistake, and give judgment for the amount due upon the policy, as rectified. (See, also, *Continental Ins. Co.* v. *Ruckman,* 127 Ill. 364).

The same principle has been applied in cases of bills to enjoin waste. Where a court of equity is asked to grant an injunction to prevent future waste, and where an account of the waste already done is prayed, the court, to prevent a double suit, will not only enjoin the commission of future waste, but will decree an account and satisfaction for the waste that has been done. (*Armstrong* v. *Wilson,* 60 Ill. 226; *Nelson* v. *Pinegar,* 30 id. 473; 1 Story's Eq. Jur. sec. 518). This doctrine was announced and enforced in the case of *Stickney* v. *Goudy,* 132 Ill. 213, where it was held that, if a controversy contains any equitable feature which authorizes a court of equity to take cognizance, that court will retain jurisdiction for all purposes, and establish purely legal rights and grant legal remedies, which would otherwise be beyond the scope of its authority.

We see no reason why the same rule does not apply to the case at bar. The court of equity here had jurisdiction to reform the lease by means of the mistake made therein, and, having jurisdiction for such purpose, it could go on to a complete adjudication, and find the amount of rent due by the terms of the lease, and decree the payment thereof. The portion of the decree, which

186—39

orders the payment of the rent due, grants a species of relief which, though primarily legal in its character, comes within the jurisdiction of a court of equity, because it is incidental and ancillary to the main relief asked for, to-wit: the reformation of the written instrument.

It is strenuously insisted, however, by counsel for appellants that, while the doctrine thus announced may be correct so far as the rent due prior and up to the time of filing the bill is concerned, it is yet inapplicable to the present case so far as it relates to the rent accruing under the lease after the filing of the bill. It is said that the appellee should have filed a supplemental bill, in order to entitle herself to a decree for rent accruing after the filing of the bill. In the case at bar, appellee did not file a supplemental bill. Undoubtedly, the rule in actions at law is, that the right to judgment depends upon the facts as they exist at the commencement of the action, (*Bacon* v. *Schepflin*, 185 Ill. 122,) but such is not the rule in equity. The relief administered in equity is such as the nature of the case, and the facts as they exist at the close of the litigation, demand. (*Peck* v. *Goodberlett*, 109 N. Y. 180; *Worrall* v. *Munn*, 38 id. 137; *Sherman* v. *Foster*, 158 id. 587).

In *Brown* v. *Miner*, 128 Ill. 148, where a mortgage provided that, in case of foreclosure and sale of the mortgaged premises, the mortgagee should be paid out of the proceeds of sale the expense of advertising, etc., together with moneys advanced for taxes, assessments and other liens, etc., and the mortgagee paid such taxes subsequent to the filing of his bill to foreclose, in which the duty of the mortgagor to pay the taxes and his failure to do so were alleged, it was held that the complainant was properly allowed by the decree the amount of such advances under the general prayer for relief without filing a supplemental bill.

Authorities may be found, which hold that the filing of a supplemental bill is necessary in such a case as this,

where the installments of rent under a lease fall due after the filing of the original bill. But, without deciding definitely that it is not necessary for the complainant in such a case as this to file a supplemental bill, we are yet of the opinion that the judgment now under review should not be reversed upon the ground that no supplemental bill was filed, for the reason that the rights of the appellants were in no way prejudiced by the failure to file such a bill. As is said by the Appellate Court in their opinion deciding this case: "If it was error to decree the payment of rent, which became due after the filing of the bill, it was error without prejudice, and therefore cannot avail appellants."

The general rule undoubtedly is, that a supplemental bill ought to be filed for the purpose of setting up matters, which have happened after the filing of the original bill; (*Kennedy* v. *Bank of Georgia*, 8 How. 586; *Miller* v. *Cook*, 135 Ill. 190); but, in such case, the object of filing the supplemental bill is to put the new matter in issue, as a new interest vested in an old party, or in an existing party to the suit. As a general thing, a supplemental bill calls upon the defendant to answer the supplemental matter only. (2 Barb. Ch. Pr. 59, 72; 6 Am. & Eng. Ency. of Law, p. 776). If, therefore, the defendant has an opportunity to set up any defense, which he may have to the supplemental matter, he cannot complain, whether there was the technical filing of a supplemental bill, or not.

In the case at bar, the trial court, after the original report of the master was filed, referred the cause back "for the sole purpose of taking evidence in regard to payment or non-payment of rent by said defendants to said complainant, or to his agents for his use, since December, 1894, for the premises mentioned and described in the bill of complaint in said cause as No. 123 Franklin street," etc. After this order of reference was made, and on November 16, 1897, a new order of reference was entered, and was amended so as to permit the defendants "to

make any and all defenses legal or equitable, which they may have as to rent due and unpaid under the terms of said lease, except so far as such defenses are inconsistent with the findings of said master in his report, heretofore made to this court, upon any other matter than the amount of rent due under said lease."

The appellants were thus permitted by the court below to set up any defense, which they might have to the payment of the installments of rent falling due after the filing of the bill, and up to the time of the expiration of the lease on April 30, 1897. The original bill itself contained a prayer, that the appellants should be decreed to pay not only all the rents which had accrued to the complainant, but all the rents which should remain unpaid at the time when the decree should be entered. The prayer of the bill thus advised the appellants, that the complainant would seek a decree for all the rent that should be due when the final decree should be entered. The appellants themselves introduced evidence, showing that they abandoned the premises on April 30, 1895, and never occupied them after that date. The appellants were thus given full opportunity to present all defenses against the decree, which was rendered for rent falling due after the filing of the bill, and they would have been entitled to nothing more than this, if they had been defendants to an action at law for the rent due upon the lease.

No error was committed by the court below in allowing the lease to be corrected by the substitution of the word "they" for the word "he" in one of the covenants, or by the insertion therein of the words "situate at north-east corner of Madison and Franklin streets," etc., because the mistake, so far as these matters were concerned, is sufficiently established. The location of the building at the north-east corner of Madison and Franklin streets was stated both in the bill and in the answer. The reformation of the lease, therefore, in these particulars worked no injury to appellants.

There was no error in the allowance of interest upon the over-due installments of rent. (*Walker* v. *Converse*, 148 Ill. 622; *Worrall* v. *Munn*, 38 N. Y. 148).

We discover no error in the record, which would justify us in reversing the judgment of the Appellate Court. Accordingly, the judgment of the Appellate Court, affirming the decree of the circuit court, is affirmed.

*Judgment affirmed.*