## Annie Bourke v. Caesar H. Hefter.

1. PLEADING—*Where Proof of Execution of Note Is Not Necessary.*— Where defendant neither denied under oath upon the witness stand nor in any answer or pleading by her filed, the execution of an extension agreement or of the notes made in pursuance thereof, it is not necessary to prove their execution on a foreclosure.

2. SAME—*Estoppel by.*—Where a defendant by the filing of a cross-bill sees fit to recognize a party as the proper person for her to proceed against, she can not say, after a decree has been entered upon such cross-bill, that she proceeded against the wrong person.

3. EQUITY—*Having Acquired Jurisdiction for One Purpose May Exercise it for All.*—Equity having obtained jurisdiction of the parties and the subject-matter for one purpose, it may exercise it to establish

all matters at issue, even though in so doing it may grant purely legal remedies.

**Bill to Foreclose a Trust Deed.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

F. L. SALISBURY and D. L. CARMICHAEL, attorneys for appellant.

SIMEON STRAUS, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

December 6, 1889, Greenbaum Sons, of Chicago, loaned the sum of eight hundred and fifty dollars. In security for the sum they received a note of that date payable three years after date, with interest at eight per cent per annum, payable semi-annually. This note was signed "Annie Bourke," and has the indorsement thereon, "Pay Caesar Hefter or order." "Annie Bourke." Greenbaum Sons received also a trust deed upon certain real property in Chicago purporting to secure the payment of said note, according to the tenor and effect thereof.

Upon the bill to foreclose this trust deed, it appeared that neither the note, the indorsement thereon nor the trust deed were actually signed by Annie Bourke; she testified that neither of said signatures were hers, and such testimony was undisputed.

It also appeared upon the hearing that December 6, 1895, an agreement for the extension of the time of payment of said note for three years, and a promise to pay both principal and interest of this note, was made and signed by Annie Bourke, the defendant in the foreclosure proceedings, and that thereafter the interest on said note was paid down to December 6, 1898, at which time there was a failure to pay the interest then accrued.

There was no evidence tending to show that either Greenbaum Sons or the complainant, Hefter, had done anything to deceive or mislead appellant, or been guilty of any

fraud or imposition in the premises. After the filing of the bill to foreclose the trust deed, Annie Bourke, the defendant in such proceeding, filed a cross-bill setting up that she did not execute such a trust deed, and asking that the cloud upon her title to the property described therein should be removed.

Upon the hearing, the court found that neither the mortgage nor the note which it purported to secure was signed by Annie Bourke, but that she did execute the agreement for an extension of said note and therein promised to pay the principal and interest thereof. The court, thereupon, having found that Hefter was the legal holder of said note, entered a decree against Annie Bourke in favor of Hefter for the sum of $1,024.62, and that upon the payment of such sum the said trust deed be set aside, canceled and held for naught as a cloud upon the title of Annie Bourke in and to the premises therein described.

It is insisted by appellant that the evidence shows that appellee paid nothing for the notes, although they have been indorsed by and given to him. Appellant urges that the notes are still the property of Greenbaum Sons, and that Hefter was not entitled to maintain the foreclosure proceedings. It is a rule that equitable proceedings should be carried on by those possessed of the equitable interest. There is, however, no rule against the making of persons, whose interest is purely legal, parties to such proceedings, and this is very frequently done. Appellant, by the filing of her cross-bill, saw fit to recognize Hefter as the proper person for her to proceed against to obtain a removal of the cloud upon her title. Having done so, it does not lie in her mouth to say, after a decree has been entered upon such cross-bill, that she proceeded against the wrong party. No decree of foreclosure has been entered in this case. By the filing of appellant's cross-bill the court obtained jurisdiction over the subject-matter thereof, and in granting a decree for the removal of the cloud of which she complained, the court had a right to impose such terms as were equitable. This is all it has done.

The signing by appellant of the extension agreement and

the renewal notes therein provided for was not disputed by her. It was not necessary to prove the execution of the renewal agreement or the notes made in pursuance thereof, as neither upon the witness stand nor in any answer or pleading by her filed did appellant deny under oath the execution of the extension agreement or of the notes made in pursuance thereof. Dean v. Ford, 180 Ill. 309.

Under the evidence it was proper to enter a judgment against appellant and to provide that upon the satisfaction thereof the cloud upon her title should be removed. Kelly v. Galbraith, 186 Ill. 593–608; Keith v. Henkleman, 173 Ill. 137; Stickney v. Goudy, 132 Ill. 213.

The decree of the Superior Court is affirmed.