JOHN P. COLLINS *vs.* SETH P. SNOW & others.

Suffolk.    March 20, 23, 1914. — September 11, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Contract,* What constitutes.    *Broker,* Commission.    *Frauds, Statute of.    Equity Pleading and Practice,* Amendment, Decree.    *Rules of Court.*

If one real estate broker tells another real estate broker that he has valuable information which will enable the second broker to earn a commission and that he will impart it to him if the second broker will go ahead and do the work and will give him one half of the commission, whereupon the second broker agrees to these terms and thereafter by means of the information negotiates an important lease on which he is paid a commission, the contract to pay the first broker one half of the commission is not bad for indefiniteness and can be enforced.

If a real estate broker, in consideration of certain information imparted to him by another real estate broker, agrees that if he earns a commission by reason of the information he will give the informing broker one half of it, this is a contract that can be performed within a year and is not within the statute of frauds R. L. c. 74, § 1, cl. 5; and, if the contract with the customer under which the commission is earned provides for the payment of the commission in instalments to be paid in successive years, this does not change the character of the original contract between the two brokers.

Although in an action at law no recovery can be had on facts that happened after the date of the writ, in equity this is otherwise and rights accruing to the plaintiff after the filing of the bill which grew out of the matter on which the bill was founded may be made the subject of a supplemental bill, and accord-

ingly under Equity Rule 25 they may be pleaded by way of amendment to the original bill.

In a suit in equity, where the plaintiff had established his right to receive one half of a commission, which was payable to the defendant in instalments, and some of the instalments were not payable when the bill was filed but became payable and were paid to the defendant while the case was pending, but the plaintiff had failed to amend his bill under Equity Rule 25 by adding allegations that the subsequent instalments of the commission had been paid, it was ordered that, if within a time named the bill should be amended by adding such allegations, the decree should require the payment to the plaintiff of one half of the entire commission, and that otherwise the recovery should be limited to one half of so much of the commission as had been paid to the defendant when the bill was filed.

LORING, J.  The plaintiff, who was a real estate broker, testified that he had a conversation with one of the defendant firm (who for convenience will be spoken of as the defendants), also brokers in real estate, which was in these words: "I told him that I had a valuable proposition that could be worked, and if he would agree to go to the front and do the work and give me one half of the commission I would give him the information that I had so that he could go ahead. Mr. Snow said that he would agree to that and do the work." The plaintiff further testified that he then disclosed to Snow that the owners of an estate then subject to an unexpired lease wanted to let it for seventy-five years on a ground rent of $70,000 a year. The defendants thereupon applied to the owners to be and were employed by them as their brokers, and succeeded in letting the estate, whereby they became entitled to a commission of $25,000. The defendants denied the contract testified to by the plaintiff, and this bill in equity was brought to reach and apply certain property of theirs in payment of the debt. The judge before whom the case was tried* believed the plaintiff and entered a decree in his favor. From this decree the defendants took an appeal; and the case is here on the evidence which was taken by a commissioner.

The first contention made by the defendants is that the arrangement testified to by the plaintiff is too indefinite to amount to a contract. In support of that contention they ask what the damages would have been if the defendants had refused to make

---

* *Pierce,* J.

any attempt to negotiate a lease. The fact that there could be no recovery (if there could be none) in that event is not of consequence. The promise sued on was to pay the plaintiff one half of the commission earned. It is like a promise by a manufacturer to sell to the plaintiff all goods manufactured by him during a specified time.

The second contention is that when the arrangement testified to by the plaintiff and set forth above was made, it was expected that more definite terms would be agreed upon later on; that when the subsequent terms were agreed upon and the arrangement became a contract it was a contract which could not be performed within a year and so was not enforceable by reason of the statute of frauds. Passing by the fact that the statute of frauds has not been pleaded, the facts relied upon by the defendants in making this contention are these: When the owners employed the defendants they gave them a written option in which it was stipulated that the commission to be paid in case a lease was made would be $24,000. The commission was to be $25,000, and the owners had forborne to require a deposit of $1,000 on giving the option. The $1,000 thus paid to the defendants and repaid by them to the owners made the commission $25,000. In the written option it was stipulated that the $24,000 was to be paid as follows: $3,000 on September 1, 1908; $3,000 on October 1, 1908; $3,000 on November 1, 1908; and the remaining $15,000 to be paid $5,000 a year during each of the three years beginning August 1, 1909, August 1, 1910, and August 1, 1911. The written option was given on December 12, 1902. The lease negotiated by the defendants was dated November 15, 1904. If the arrangement between the defendants and the plaintiff became a contract either when the option was given or when the lease was negotiated, the contract was within the statute of frauds.

In contending that the conversation testified to by the plaintiff and set forth above was a preliminary arrangement only and not a definite contract, the defendants rely on what was drawn out by their counsel on cross-examination of the plaintiff. On his cross-examination the plaintiff admitted that he expected a special agreement at a later period, since it was a large deal. The defendants' counsel asked the plaintiff whether he did not expect "that more definite and fixed terms would be arranged

later." The defendants have assumed that the plaintiff agreed to this. But what happened was that he said, "Yes, but —" and the defendants' counsel cut in and stopped him from completing his answer. And lastly, that the plaintiff assented when asked whether the amount was not changed from $52,000 to $25,000 and the time of payment postponed from 1904 to 1908, and that he understood and assented to that at the time.

We are of opinion that on this evidence a completed contract was made when the conversation between the plaintiff and the defendants set forth above took place. That contract could have been completed within a year. The fact that the arrangement made under this contract which could have been completed within a year was an arrangement which could not be completed within a year is not material. The test to be applied is whether the contract when made was one which could not be completed within the year.

The defendants' last contention is that under the doctrine of *Daniels* v. *Newton,* 114 Mass. 530, the decree was wrong in enforcing the plaintiff's half of the instalments which fell due after the date of the filing of the bill, to wit, September 28, 1908. But *Daniels* v. *Newton* was an action at law. In an action at law relief cannot be given founded on facts happening after the date of the writ. In equity the rule is otherwise. In equity, rights accruing to the plaintiff after the filing of the bill which grow out of the matters on which the bill is founded may be made the subject of a supplemental bill. *Saunders* v. *Frost,* 5 Pick. 275, 276. *Jaques* v. *Hall,* 3 Gray, 194. See also in this connection *Bauer* v. *International Waste Co.* 201 Mass. 197. Indeed unless the original bill was dismissed that was the only way in which rights founded on subsequent facts could be enforced until the practice was changed by rule of court. *Saunders* v. *Frost, ubi supra.* By force of Equity Rule 25 all facts which before the rule were the subject of a supplemental bill now can be pleaded by way of an amendment to the original bill.

In the case at bar no such amendment has been made. It appears however that the subsequent instalments were paid by being allowed by the lessor in account with the lessee to whom the sums due as commissions were assigned by the Snows. If within sixty days from the date of the rescript in this case the bill is

amended by alleging that the subsequent instalments of the commission have been paid, the decree is affirmed with costs; otherwise, it is to be modified by limiting the recovery to one half the commission due when the bill was filed, and so modified is affirmed.   It is

*So ordered.*

*James J. McCarthy,* for the defendants Snow.
*C. F. Smith,* for the plaintiff.