ORESTE RENZI *vs.* CAMILLO SPIRITO *et al.*

NOVEMBER 5, 1929.

PRESENT: Stearns, C. J., Rathbun, Barrows, and Murdock, JJ.

BARROWS, J.  This is a bill in equity to restrain respondent from further suffering his land which has been artifically built up contiguously to that occupied by complainant to slide onto the latter's premises.  A portion of the premises occupied by complainant was covered to a depth of four feet.  The building on said premises was pushed six inches out of plumb and its wall cracked.

The bill alleged that complainant was the assignee of a lessee and in possession of said premises with an option of purchase for $3,500 during the period of the lease.  The lease by its terms expired April 30, 1929.  For the option contained therein complainant paid $300.  The terms of the lease also required that if the option was not exercised complainant should return the premises in as good condition as when received, ordinary wear and tear excepted.

The bill was filed February 18, 1928.  It sought to restrain a continuing trespass and asked for damages.  The case was heard on its merits January 21, 1929, at which time it is in evidence that the option to purchase had been exercised and the title to the real estate had passed to complainant. Respondent in the Superior Court did not question complainant's right to an injunction or to damages and the only issue raised therein was the amount to which complainant was entitled.

After hearing the testimony a decree was entered enjoining respondent from further trespass and awarding com-

plainant "as owner of said premises" $400 damages for "injury sustained to the land and buildings thereon." Respondent has appealed on the ground that the decree was not warranted by the evidence and the law.

Examination of the transcript satisfies us that the trial court was warranted on the evidence in finding that $400 damage had been done to the land and building occupied by complainant.

On this appeal respondent seeks to raise questions involving the respective rights of landlord and tenant against such a trespasser as respondent. Respondent asserts that complainant as "owner" was erroneously awarded damages for injury to the freehold or reversion. He claims that complainant having acquired title after the litigation started was confined in his damages to injury to his possession, at the time the bill was filed, of which there was no evidence and that as purchaser of the reversion after the landslide occurred complainant acquired no right of action against the trespasser.

The questions respondent seeks to raise do not require consideration. It is to be noted that the trespass charged is a continuing one and that complainant is not in the position of a stranger who purchases a reversionary title after a trespass completed prior to the purchase. Complainant as lessee when the slide occurred was admittedly entitled to have the trespass enjoined and to damages for injury done to his interest. It is true that his interest has been changed from lessee to owner in fee since the bill was filed. Under original equity practice the method of asserting this change so as to secure an adjudication of complainant's rights existing at the time of the trial would have been by supplemental bill. Such bill under modern practice is not necessary. *Kelly* v. *Galbraith*, 186 Ill. 593; *Collins* v. *Snow*, 218 Mass. 542. An amendment may accomplish the object. Equity Rule 10, Superior Court. An amendment may be made even after a hearing on the merits. *O'Connor* v. *O'Connor*, 20 R. I. 256.

In the case at bar without amendment, however, respondent and the court were fully appraised of the change of ownership and damages were awarded on the basis of complainant's ownership of the fee. This being so, it was proper to award damages to complainant according to the facts existing at the time the decree was entered. *Penn Co. v. Bond*, 99 Ill. App. 535; *Sherman* v. *Foster*, 158 N. Y. 587; *Ne-Ha-Sa-Ne-Park Ass'n.* v. *Lloyd*, 55 N. Y. Supp. 108. As stated by Rugg, C. J., in *Bauer* v. *International Waste Co.*, 201 Mass. 197: "There is no principle of equitable jurisprudence which prevents the court from adapting its relief to the state of facts existing at the time of the entry of the final decree, including facts which did not exist when the bill was filed, without requiring an amendment by the filing of a supplemental bill if the prayers of the bill as it stands are broad enough to cover such relief." Cf. *Hanscom* v. *Malden &c. Gas Light Co.*, 220 Mass. 1. That the prayer of this bill was broad enough to cover the state of facts shown at the trial is clear. It asked for damages to complainant as well as for an injunction. The Superior Court might have required an amendment, *Collins* v. *Snow*, 218 Mass. 542, but even without it was warranted in treating the case as if the bill had been amended to state complainant's ownership of the property. Such an amendment would not have stated a new or different cause of action. *Farmers Loan, etc., Co.* v. *U. L. Tel. Co.*, 47 Hun. 315. It merely would have enlarged the field for assessment of complainant's damages. *Reeve* v. *N. C. Land & Timber Co.*, 141 Fed. 821; see 203 U. S. 588 (certiorari denied); *McMurtrie* v. *Guyler*, 183 Mass. 451; *Kelly* v. *Galbraith*, 186 Ill. 593; *Collins* v. *Snow*, 218 Mass. 542; 21 C. J. 526.

The appeal is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Emilio D. Iannuccillo, Harlow and Boudreau*, for complainant.

*Ralph Rotondo, James Di Prete*, for respondent.